UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTHA BENSON, individually and on behalf of all similarly situated persons,<br><br>                      Plaintiff,<br><br>      vs.<br><br>FIVE STAR REALTY SERVICES, INC., an Illinois corporation,<br><br>                      Defendant. | 19 C 6253<br><br>Judge Gary Feinerman |

## MEMORANDUM OPINION AND ORDER

Defendant Five Star Realty Services, Inc. removed this suit from the Circuit Court of Cook County, Illinois, on the ground that the then-operative complaint purported to state a claim under the Fair Housing Act ("FHA"), 42 U.S.C. 3601 *et seq.* Doc. 1; Doc. 1-1 at pp. 11-13, ¶¶ 54-65. Five Star moved to dismiss the FHA claim as well as the complaint's state law claims. Doc. 12. Rather than oppose the motion, Plaintiff Martha Benson filed an amended complaint. Docs. 15-16.

The amended complaint does not state an FHA claim or any federal claim; its only claim is under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, and that claim is premised on Five Star's alleged violation of the Cook County Human Rights Ordinance. Doc. 16. Jurisdiction over the ICFA claim does not lie under the diversity statute, 28 U.S.C. § 1332(a), because Benson and Five Star are both citizens of Illinois, Doc. 16 at ¶¶ 1, 3. Although Benson seeks to represent a class, jurisdiction does not lie under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because neither the notice of removal (which does not invoke CAFA) nor the amended complaint (ditto) allege that the matter in

controversy is over $5,000,000 or that any member of the proposed class is a non-Illinois citizen. *Id*. § 1332(d)(2). Even if § 1332(d)(2) were satisfied, jurisdiction still would not lie under CAFA because the amended complaint makes it abundantly clear that at least two-thirds of the members of the proposed class, like Five Star, are citizens of Illinois. *Id*. § 1332(d)(4); *see* Doc. 16 at ¶¶ 3, 23-27.

At last week's hearing, Five Star asked the court to retain supplemental jurisdiction over the ICFA claim on the ground that its motion to dismiss, Doc. 17, makes it clearly apparent that the claim should be dismissed on the merits. *See* 28 U.S.C. § 1367(a), (c); *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007) (articulating the general rule that, "when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pend[e]nt state claims," but noting an exception for circumstances where "it is clearly apparent how the state claim is to be decided"). Without expressing any view on the ultimate merits of Five Star's motion to dismiss, the court can state that the viability of that claim is not clearly apparent at this very early stage of the case.

Because Benson has abandoned the sole federal claim on which Five Star predicated removal, because there is no other basis for original subject matter jurisdiction, and because the court in its discretion finds that the ground asserted by Five Star for retaining jurisdiction is unpersuasive, the appropriate course is to remand the suit to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

December 16, 2019

_____
United States District Judge